# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**TIFFANY ROBERTS**

Plaintiff,

**v.**                                                          **CASE NO.:**

**ALTAMONTE PEDIATRIC ASSOCIATES,**
**P.A., a Florida Profit Corporation,**

Defendant

_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, TIFFANY ROBERTS (hereinafter referred as "Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Defendant ALTAMONTE PEDIATRIC ASSOCIATES, P.A., (hereinafter referred as "Altamonte Pediatric" or "Defendant"), and states the following:

## NATURE OF CASE

1.      This is a claim by Plaintiff Tiffany Roberts against her former employer, Altamonte Pediatric Associates, P..A, for violations of the family Medical Leave Act of 1993 ("FMLA") 29 § 2601 *et seq.;* the Americans with Disabilities Act, as amended, ("ADA-AA"), 42 U.S.C. 12101, *et seq.;* Title VII of the Civil Rights Act of 1964 ("Title VII"), to recover from Defendant for back pay, an equal amount of liquidated damages, other monetary damages, equitable relief, reasonable attorneys' fees and costs, and all other fair and justifiable relief under the law.

2.      Defendant's violations of the FMLA and ADA-AA were willful and perpetrated with malice or reckless indifference to the law(s).

3.     Plaintiff seeks all remedies available in law and equity including but not limited to: judgement in her favor and against Defendant; payment of lost wages, salary, employment benefits and other compensation denied (including front and back pay); actual monetary losses sustained as a direct result of Defendant's violations; pre-judgement interest; liquidated damages; compensatory damages; punitive damages; injunctive relief; and reasonable attorney's fees, expert witness fees and costs pursuant 42 U.S.C. § 12117(a); 42 U.S.C §12205; 42 U.S.C. § 1981a(a)(3); 29 U.S.C. § 2617(a)(3).

## **JURISDICTION**

4.     The acts and omissions giving rise to this action occurred in Seminole County, Florida, among others.

5.     Defendant conducts business in Seminole County, Florida.

6.     Plaintiff was employed with Defendant in Seminole County, Florida.

7.     This is an action at law raises a federal question under federal law, specifically the ADA and FMLA. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331.

8.     Venue is proper in the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1391 because a substantial part of the events and omissions giving rise to the claims occurred within this District.

9.     Plaintiff has satisfied all administrative prerequisites to perfect her claim. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), incorporated herein, attached hereto and marked as **Exhibit A**, and the EEOC issued a notice of right to sue attached hereto and marked as **Exhibit B**. Plaintiff brings this suit within ninety (90) days of receipt of her notice of right to sue.

## PURPOSES OF THE FMLA

10.     The Family Medical Leave Act ("FMLA or "the Act") was enacted in 1993.  The intent of Congress in passing the Act was "to balance the demands of the workplace with the needs of families, to promote the stability and economic security of families, and to promote national interests in preserving family integrity." 29 C.F.R. § 825.101(a).

11.     "The FMLA was predicated on two fundamental concerns – the needs of the American workforce, and the development of high-performance organizations." 29 C.F.R. § 825.101(b).  The Act was intended to benefit both employers and their employees as Congress, in passing the law, recognized the direct correlation between "stability in the family and productivity in the workplace." 29 C.F.R. § 825.101(c).

12.     The FMLA allows covered employees to take unpaid medical leave for personal medical reasons; for the birth or adoption of a child; for the care of a service member with a serious injury or illness; for the care of a spouse or a parent who is ill; and for the care of a sick child. *See* 29 C.F.R. § 825.101(a).

## PARTIES

13.     Plaintiff was an employee of Defendant and is a resident of Seminole County, Florida.

14.     ALTAMONTE PEDIATRIC ASSOCIATES, P.A. operates a medical facility which treat children.

15.     At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FMLA.

16.     At all times material hereto, Defendant was Plaintiff's "employer" within the meaning of the FMLA.

3

17.     Defendant employs more than fifty (50) employees within 75 miles of its Altamonte Springs, Florida facility.

18.     Plaintiff is an "employee" as defined by the FMLA.

19.     Defendant is an "employer" as defined by the FMLA.

## FACTUAL ALLEGATIONS

20.     Plaintiff began her employment with Defendant, on or about June 6, 2018 as a Medical Assistant.

21.     Plaintiff was never reprimanded orally or in writing prior to her termination.

22.     Plaintiff was in good standing as an employee.

23.     Plaintiff received praise for her work.

24.     On or about May 8, 2019, Plaintiff was feeling ill while working and was sent home.

25.     That same day, Plaintiff was seen by her physician who placed her on work restrictions described as "light duty" due to complication surrounding her pregnancy.

26.     Subsequently, Defendant told Plaintiff that they could not accommodate her work restrictions and place her on leave.

27.     On about May 28, 2019 Plaintiff was seen by her physician who indicated that her work restrictions would need to be in place at least until her next scheduled appointment.

28.     On or about May 30, 2019, Plaintiff discussed the matter with Human Resources Manager for Defendant, Ms. Nydia De Avila.

29.     Ms. De Avila had Plaintiff complete a request for Leave under the FMLA.

30.     Ms. De Avila subsequently approved the leave request for a fixed leave year based on "total time".

31.     Plaintiff relied on Ms. De Avila's representation as to the FMLA approval.

32.     Plaintiff was assured that she would keep her job while on leave.

33.     Plaintiff did not look for alternative employment based on this representation.

34.     Plaintiff was to report periodically to Defendant every "visit with Doctor".

35.     Plaintiff explained to Ms. De Avila that her next scheduled doctor's appointment was scheduled for June 25, 2019; however, this appointment would not be an evaluation of her work restrictions, and an additional appointment would need to be made after June 25, 2019 to evaluate her conditions as it related to her work restrictions.

36.     In return, Ms. De Avila expressed her understanding.

37.     While on Leave, Plaintiff was unable to afford her regular health insurance and applied for Medicaid, which was approved.

38.     Unfortunately, Plaintiff's physician did not accept Medicaid and she had to find another physician.

39.      As a result, Plaintiff's appointment on June 25, 2019 was cancelled. She did not attend an appointment on June 25, 2019.

40.     On or around July 15, 2019, Plaintiff contacted Ms. De Avila and updated Ms. De Avila via voicemail message.

41.     Ms. De Avila returned Plaintiff's call the same day and informed her, for the first time, that Defendant had terminated her employment for "job abandonment".

42.     On or about July 18, 2019, Plaintiff received a letter form Ms. De Avila dated July 3, 2019 stating she "failed to return to work June 25, 2019 and or give us a status update".

43.     The letter stated Defendant attempted to contact Plaintiff and she had not responded.

44.     Additionally, the letter attempted to "back date" Plaintiff's termination to May 8, 2019.

45.     However, it is believed, the cited reason for termination was pretextual as the termination was clearly in retaliation for Plaintiff's need and use of FMLA benefits, as well as being pregnant.

46.     In 2018, Defendant employed 50 or more employees within a 75-mile radius of the location(s) where Plaintiff worked.

47.     In 2019, Defendant employed 50 or more employees within a 75-mile radius of the location(s) where Plaintiff worked.

48.     As of the date, Plaintiff had been employed by defendant at least twelve (12) months prior to her request for FMLA leave.

49.     Plaintiff provided Defendant with documents from her physicians which confirmed her medical condition.

50.     Defendant' actions interfered with Plaintiff's rights under the FMLA.

**COUNT I**
**PREGANCY DISCRIMINATION IN VIOLATION TITLE VII**

51.     Plaintiff realleges and adopts allegations contained in paragraphs 1-50, as if fully set forth in this Count.

52.     Plaintiff is a member of a protected class because she is female.

53.     Plaintiff is a member of a protected class because she was pregnant during the period of time at-issue.

54.     At all material times, Plaintiff was qualified to perform her job duties.

55.     At all material times, Defendant knew that Plaintiff was pregnant.

56.     The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against discrimination under Title VII because it treated Plaintiff less favorably because of her pregnancy.

57.     Defendant did not subject the non-pregnant employees to discriminatory treatment.

58.     Plaintiff suffered an adverse employment action when she was terminated.

59.     The discrimination to which Plaintiff was subjected was based on her pregnancy.

60.     Defendant does not have a legitimate, non-discriminatory reason for its firing of Plaintiff.

61.     The conduct of Defendant and its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

62.     The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of the Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter Defendant, and others, from such conduct in the future.

63.     Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses.

64.     Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE,** Plaintiff respectfully requests entry of:

a.      declaratory judgment that the discrimination/harassment against Plaintiff by Defendant was a violation of Plaintiff's rights under the Title VII;

b.      require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through an award of back pay;

c.      require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

d.      Compensatory damages;

e.      judgment against Defendant for damages, including punitive damages (when ultimately pled and approved by this Court);

f.      judgment interest, and, if applicable, post-judgment interest;

g.      reasonable attorneys' fees and litigation expenses against Defendant; and

h.      any additional relief that this Court deems just.

**COUNT II**
**RETALIATION IN VIOLATION OF TITLE VII (For Pregnancy/Gender Discrimination Complaint)**

65.     Plaintiff realleges and adopts allegations contained in paragraphs 1-50, as if fully set forth in this Count.

66.     Plaintiff engaged in statutorily protected activity when she complained to management that Buell had discriminated against her because of her pregnancy.

67.     Plaintiff suffered an adverse employment action when she was terminated.

68.     A causal connection exists between the protected activity and the adverse action.

69.     The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against retaliation under Title VII because it treated Plaintiff less favorably because of her complaints of race discrimination.

70.     Defendant does not have a legitimate, non-discriminatory reason for its firing of Plaintiff.

71.     The conduct of Defendant and its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary

8

losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

72.     The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of the Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter Defendant, and others, from such conduct in the future.

73.     Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses.

74.     Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

WHEREFORE, Plaintiff respectfully requests entry of:

a.      declaratory judgment that the discrimination/harassment against Plaintiff by Defendant was a violation of Plaintiff's rights under the VCCRO;

b.      require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through an award of back pay;

c.      require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

d.      compensatory damages;

e.      judgment against Defendant for damages, including punitive damages (when ultimately pled and approved by this Court);

f.      judgment interest, and, if applicable, post-judgment interest;

g.      reasonable attorneys' fees and litigation expenses against Defendant; and

h.      any additional relief that this Court deems just.

## COUNT III
## INTERFERENCE UNDER THE FMLA

75.     Plaintiff re-alleges and adopts the allegations of paragraphs 1 through 50 above as if fully set forth herein.

76.     Plaintiff was, at all times relevant, eligible for FMLA-covered leave.

77.     Defendant' was Plaintiff's employer as defined by the FMLA.

78.     Defendant' acts and omissions constitute interference with Plaintiff's rights under the FMLA.

79.     As a direct, natural, proximate and foreseeable result of the actions of Defendant, Plaintiff has suffered injuries for which she is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

80.     Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

81.     Defendant' violations of the FMLA were willful.

82.     Plaintiff is entitled to recover her attorneys' fees and costs pursuant to 42 U.S.C. § 2617(a)(3).

WHEREFORE, Plaintiff respectfully requests entry of:

a.      judgment in her favor and against Defendant for their interference with her rights under the FMLA;

b.      judgment in her favor and against Defendant for damages, including lost earnings and benefits, reinstatement, front pay, and/or all actual monetary losses suffered as a result of Defendant' conduct;

c.      judgment in her favor and against Defendant for her reasonable attorneys' fees and litigation expenses;

d.      judgment in her favor and against Defendant for liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

e.      declaratory judgment that Defendant' practices toward Plaintiff violate her rights under the FMLA; and

f.      order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

### COUNT IV
### RETALIATION UNDER THE FMLA

83.      Plaintiff re-alleges and adopts the allegations of paragraphs 1 through 50 above as if fully set forth herein.

84.      Plaintiff was, at all times relevant, eligible for FMLA-covered leave.

85.      Defendant were Plaintiff's employer as defined by the FMLA.

86.      Defendant discriminated and/or retaliated against Plaintiff because Defendant knew she was eligible for leave under the FMLA.

87.      Defendant discriminated and/or retaliated against Plaintiff because Plaintiff attempted to exercise her rights under the FMLA

88.      Defendant had actual or constructive knowledge of the discriminatory/retaliatory conduct of Plaintiff's supervisors.

89.      Defendant' acts and omissions negatively affected one or more terms, conditions and/or privileges of Plaintiff's employment.

90.      Defendant' discriminatory acts and omissions occurred, at least in part, because of Plaintiff's request for FMLA-covered leave.

91. Defendant' conduct violated Plaintiff's right to be free from discrimination/retaliation as guaranteed by the FMLA.

92. As a direct, natural, proximate and foreseeable result of the actions of Defendant, Plaintiff has suffered injuries for which she is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

93. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

94. Defendant' violations of the FMLA were willful.

95. Plaintiff is entitled to recover her attorneys' fees and costs pursuant to 42 U.S.C. § 2617(a)(3).

WHEREFORE, Plaintiff respectfully requests entry of:

a. judgment in her favor and against Defendant for violation of the anti-discrimination/anti-retaliation provisions of the FMLA;

b. judgment in her favor and against Defendant for damages, including lost earnings, reinstatement, front pay, and/or all actual monetary losses suffered as a result of Defendant' conduct;

c. judgment in her favor and against Defendant for her reasonable attorneys' fees and litigation expenses;

d. judgment in her favor and against Defendant for liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

e. declaratory judgment that Defendant practices toward Plaintiff violate her rights under the FMLA; and

f.      an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## COUNT V
## DISABILITY DISCRIMINATION

96.     Plaintiff re-alleges and adopts the allegations of paragraphs 1 through 50 above as if fully set forth herein.

97.     Plaintiff was a qualified individual with a disability.

98.     Plaintiff was perceived as disabled by Defendants.

99.     Defendant was Plaintiff's employer as defined by the ADA-AA.

100.    Defendant discriminated against Plaintiff because of her disability in violation of the ADA-AA.

101.    Defendant discriminated and/or retaliated against Plaintiff because she exercised her rights under the AD-AA.

102.    Defendant had actual or constructive knowledge of the discriminatory/retaliatory conduct of Plaintiff's supervisors.

103.    Defendant's acts and omissions negatively affected one or more terms, conditions and/or privilege of Plaintiff's employment.

104.    Defendant's conduct violated plaintiff's right to be free from discrimination/retaliation as guaranteed by the ADA-AA.

105.    As direct, natural, proximate and foreseeable results of the actions of Defendant, Plaintiff has suffered injuries for which she is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional plain and suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

106.    Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant's, which have cause and continued to cause irreparable harm.

107.    Defendant's violation of the ADA-AA were willful.

108.    Plaintiff is entitled to recover reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 12205.

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment:

a.      judgment in her favor and against Defendant for violation of the disability association provisions of the ADA-AA;

b.      judgment in her favor and against Defendant for damages including lost earnings, front pay, and/or all actual monetary losses suffered as a result of Defendant's conduct;

c.      judgment in her favor and against Defendant for her reasonable attorney's fees and litigation expenses;

d.      judgment in her favor and against Defendant for punitive damages;

e.      judgment that Defendant's practices toward Plaintiff violate Plaintiff's rights under the ADA-AA; and

f.      Issue an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## COUNT VI
## RETALIATION IN VIOLATION OF THE ADA

109.    Plaintiff re-alleges and adopts the allegations of paragraphs 1 through 50 above as if fully set forth herein.

110.    Plaintiff requested a reasonable accommodation for her disability.  This constituted protected activity under the ADA-AA.

111.   Upon information and belief, Defendant's conduct, was, in whole or in part, motivated by Plaintiff's request for accommodation.

112.   As a natural, proximate and foreseeable result of Defendant's actions, Plaintiff has suffered damages, including but not limited to lost wages and benefits, future pecuniary losses, mental anguish, loss of dignity, and other intangible injuries.

113.   The conduct of Defendant's management was in such reckless disregard of Plaintiff's federal statutory rights against retaliation as to entitle Plaintiff's to recover an award of punitive damages to punish Defendant and to deter it and others from such conduct in the future.

114.   The retaliation Plaintiff suffered, in violation of her federal statutory right to be free from such retaliation, constitutes irreparable harm for which there is no adequate remedy at law.

115.   Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses against Defendant.

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment:

a.   Permanently enjoining Defendant, its officers, agents, servants, employees and all other persons in active concert or participation with it, from violating the provisions of 42 U.S.C. § 12101, as amended, as to Plaintiff;

b.   judgment against Defendant for the back pay and benefits to which Plaintiff would have been entitled but for Defendant's retaliatory acts;

c.   judgment against Defendant for compensatory damages;

d.   judgment against Defendant for punitive damages;

e.   Plaintiff her costs, including a reasonable attorneys' fee, pursuant to 42 U.S.C. §§ 2000e-5(k), 12205 and 12117;

f.   Plaintiff equitable relief in the form of an additional set-off for any negative

tax consequences incurred by Plaintiff as the result of any damage award entered in her favor in this action; and

      g.     Granting such other and further relief as the Court deems just.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated this 27th day of August, 2020.

Respectfully submitted,

***s/Bruce A. Mount***
Carlos Leach, Esq.
Fl Bar No. 0540021
Bruce A. Mount, Esq.
FL Bar No. 88754
THE LEACH FIRM, P.A.
631 S. Orlando Ave., Suite 213
Winter Park, Florida 32789
Phone: (407) 574-4999
Facsimile: (833) 423-5864
Email: cleach@theleachfirm.com
Email: bmount@theleachfirm.com
Email: yhernandez@theleachfirm.com

***Attorneys for Plaintiffs***